468

657 P.2d 881

AVRA VALLEY FIRE DISTRICT, a
body politic, Petitioner/Appellant,

v.

The BOARD OF SUPERVISORS OF the
COUNTY OF PIMA, State of Arizona,
and Conrad Joyner, David Yetman, E.S.
"Bud" Walker, Katie Dusenberry and
Sam Lena, constituting the members of
the Board, Respondents/Appellees.

No. 2 CA–CIV 4277.

Court of Appeals of Arizona,
Division 2.

June 7, 1982.

Rehearing Denied Sept. 9, 1982.

Review Denied Oct. 19, 1982.

Sidney L. Kain, P.C., by Sidney L. Kain,
Tucson, for petitioner/appellant.

Stephen D. Neely, Pima County Atty., by
John R. Neubauer, Deputy County Atty.,
Tucson, for respondents/appellees.

OPINION

HATHAWAY, Judge.

May a fire district, after the annexation of a large area, obtain a new computation of its tax base to increase the county's contribution from the general fund in excess of 10 per cent over the previous year? That is the question presented on this appeal and we answer it in the negative.

In October 1978, pursuant to A.R.S. § 9–1006, a large area contiguous to the appellant fire district was annexed. This increased the district from approximately 20 square miles to approximately 107 square miles. A larger budget, based on the expanded area, was submitted to the county for the 1979–80 fiscal year. The county rejected the district's proposal that the county's contribution to the district should be increased in proportion to the expanded district's increased assessed evaluation.

A special action was filed against the board of supervisors seeking a redetermination of the amount of the county contribution and payment for the additional amounts claimed. The parties resolved all factual issues through stipulation. The county offered judgment and the parties stipulated that if the court ruled for the district, judgment was to be entered in an additional specified amount. The court resolved the issue of law against the district, entered judgment pursuant to the parties' stipulation and this appeal followed.

The issue before us involves the construction of A.R.S. § 9–1005 and A.R.S. § 9–1006 as they relate to the reconstituted district after annexation. A.R.S. § 9–1005, before amendment, provided:

"The board of supervisors shall ascertain from the current tax rolls the taxable valuation of all property within the boundaries of the territory described in the order of the board authorizing the organization of a volunteer fire district and on or before July 10 of each year shall pay into the volunteer fire district

fund of such territory an amount equal to sixty cents per one hundred dollars taxable valuation from the county general fund and such payment shall not exceed forty per cent of the annual adopted budget of the volunteer fire district. *The county payment computed by the above formula shall not exceed by more than ten per cent the current county contribution to the fire district or district board. Such payment shall not be less than the current county contribution to the district.*" (Emphasis added)

It is the position of the appellees that the county payment referred to in the above section cannot exceed the 10 per cent limitation specified, and the district as enlarged through annexation is subject to the limitation that was based upon the county contribution prior to the reconstitution of the district. The district contends that A.R.S. § 9–1006, specifying the procedure for annexation, supports its position. Particular reliance is placed on A.R.S. § 9–1006(D), which provides:

> "Upon approval by the board of a petition for annexation, the annexed district shall become a part of the annexing district and subject to all of the provisions of this article to the same extent as though originally included therein."

From the above section, the district argues that if the additional area had been originally included in the boundaries of the district at the time the initial tax base was ascertained, then the district would receive credit for the additional valuation at the time the county contribution to the district was originally determined. Although it is not clear from the fire district's argument, we do not glean from that argument that it claims pre-annexation contributions from the date of formation of the original district, based upon the expanded valuation. Its argument, however, taken literally, appears to be founded on that proposition, and of course, cannot succeed. We believe that A.R.S. § 9–1006(D) operates against the district's position in that it provides that the annexed area, upon becoming part of the annexing district, is subject to "all of the provisions of this article ... as though originally included ...." One of those provisions is the specific limitation upon the county contribution provided in A.R.S. § 9–1005(A), which controls. *State v. Marcus,* 104 Ariz. 231, 450 P.2d 689 (1969).

The judgment is affirmed.

HOWARD, C.J., and BIRDSALL, J., concur.